09-0460-cv
Williams v. Wood

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of April, two thousand ten.

Present:
       PIERRE N. LEVAL,
       ROBERT A. KATZMANN,
       BARRINGTON D. PARKER,
              *Circuit Judges*.

_____

JEFFREY WILLIAMS,

       *Plaintiff-Appellant,*

              v.                                    No. 09-0460-cv

JAMES WOOD, Albany Police Officer,

       *Defendant-Appellee.*

_____

For Plaintiff-Appellant:        THOMAS F. RINALDI, L.A.R. 46(e), ANDRIY R. PAZUNIAK,
                                L.A.R. 46(e) (John Romberg, *on the brief*), Seton Hall
                                University School of Law, Center for Social Justice, Newark,
                                New Jersey

For Defendant -Appellee:      ANDREW H. WOOD, Assistant Corporation Counsel *for* John J. Reilly, Corporation Counsel, City of Albany, Department of Law, Albany, New York

_____

Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court dated January 23, 2009, be and hereby is

**VACATED** in part and **REMANDED** to the district court for trial.

Plaintiff Jeffrey Williams appeals from the order of the United States District Court for

the Northern District of New York (McAvoy, *J.*) granting the motion of Defendant James Wood

for summary judgment on Williams's claims under 42 U.S.C. § 1983.  Williams argues that the

district court erred in granting summary judgment on his claims of unlawful arrest and excessive

force by failing to construe the facts in the light most favorable to him.  Williams does not appeal

the grant of summary judgment on his claim of racial profiling.  We assume the parties'

familiarity with the underlying facts, procedural history, and issues on appeal.

"We review a district court's grant of summary judgment de novo . . . ." *Fabozzi v.*

*Lexington Ins. Co.*, __ F.3d __, 2010 WL 1291985, at *2 (2d Cir. Apr. 6, 2010) (internal

quotation marks omitted).  A court may grant summary judgment only where "there is no genuine

issue as to any material fact." Fed. R. Civ. P. 56(c)(2).  A genuine issue of material fact exists

where "a reasonable jury could return a verdict for the nonmoving party." *Redd v. Wright*, 597

F.3d 532, 536 (2d Cir. 2010) (internal quotation marks omitted).  To make this determination, a

court must "construe the facts in the light most favorable to the non-moving party and must

resolve all ambiguities and draw all reasonable inferences against the movant." *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004).

The doctrine of qualified immunity holds that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The right violated is "clearly established" if "it would be clear to a reasonable officer [in the position of the defendant] that the conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). "This inquiry turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." *Pearson v. Callahan*, 129 S.Ct. 808, 822 (2009) (internal quotation marks omitted).

Williams first objects to the district court's grant of summary judgment on his claim that Wood stopped him without reasonable suspicion and arrested him without probable cause in violation of the Fourth Amendment of the Constitution. *See Brown v. Texas*, 443 U.S. 47, 51 (1979); *Gilles v. Repicky*, 511 F.3d 239, 245 (2d Cir. 2007). The district court granted summary judgment on this claim because it determined that Wood had probable cause to arrest Williams, and, alternatively, that Wood was immune from suit under the doctrine of qualified immunity because he "had arguable probable cause" for the arrest. *Williams v. Wood*, No. 9:06-CV-0911, 2009 WL 211072, at *4 (N.D.N.Y. Jan. 23, 2009). The court explained that Williams "was in a vehicle with [another person], the vehicle stopped in front of a group of people sitting in front of a house [at which police had found drugs and a shotgun thirteen days earlier], Plaintiff got out of

the vehicle and 'briefly' spoke with [persons in front of the house, and then] he returned to the vehicle." *Id.* at \*4.

This explanation, however, did not construe the facts in the light most favorable to Williams. Wood stated only that he saw Williams "at or around" the house. *Id.* at \*2. He testified that he did not see Williams get out of the vehicle or speak with anyone. Although Williams admitted speaking to persons in front of the house, this fact is not relevant to the question whether Wood had reasonable suspicion, because no evidence suggests that at the time Wood stopped Williams he had any knowledge of Williams having spoken to persons in front of the house. *See Florida v. J.L.*, 529 U.S. 266, 271 (2000) ("The reasonableness of official suspicion must be measured by what the officers knew . . . ."). Construing the facts in the light most favorable to Williams, therefore, Wood stopped Williams merely on the basis of seeing him get into a vehicle in the vicinity of a house where drugs and a shotgun had been found thirteen days earlier.

Under clearly established law, these facts are insufficient to give rise to reasonable suspicion that would justify a traffic stop, much less probable cause to support an arrest. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) ("An individual's presence in an area of expected criminal activity, standing alone, is not enough to support a reasonable, particularized suspicion that the person is committing a crime."). In a case exhibiting far greater grounds for suspicion than here – where a man was seen to drive up to a known drug house, enter the house, leave a short time later, and drive away – this court stated that a stop was not justified. *United States v. Swindle*, 407 F.3d 562, 569 (2d Cir. 2005). Because the facts in the light most favorable to

Williams fail, under clearly established law, to provide Wood reasonable suspicion to justify stopping Williams, much less arresting him, we conclude that genuine issues of material fact remain and summary judgment should not have been granted on the claim of unconstitutional seizure of Williams.

Williams also objects to the district court's grant of summary judgment on his claim that Wood subjected him to excessive force. The district court granted summary judgment on this claim because it concluded that Wood used a level of force that was objectively reasonable given the circumstances, and, alternatively, that Wood was immune from suit because "officers of reasonable competence could disagree about whether Defendant's use of force was excessive." *Williams*, 2009 WL 211072, at *5. These conclusions were based on Williams's conversation with persons in front of the house where police had found narcotics and a shotgun thirteen days earlier, Wood's testimony that Williams refused Wood's request to make his right hand visible, and a statement by Szot, the owner and driver of the vehicle, that he thought Williams was "being wise" and said "'F-you' or something like that." *Id.*

This again failed to construe the facts in the light most favorable to Williams. Wood testified that he did not see Williams speak to anyone in front of the house. Williams furthermore denied there was any communication between him and Wood before Wood pulled him out of the vehicle and hit and pushed him. He denied having been directed to show his right hand and denied resisting arrest in any way. The facts in the light most favorable to Williams, therefore, required the court to decide whether Wood's use of force was justified by the fact that he saw Williams get into a truck "around" a house where drugs and a shotgun had been found

thirteen days earlier. Under clearly established law, the facts seen in that light did not justify the use of force. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (requiring that circumstances such as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight" justify an officer's use of force). The district court therefore erred in granting Wood's motion for summary judgment on this claim.[1]

For the foregoing reasons, the judgment of the district court is hereby **VACATED** in part and **REMANDED** to the district court for trial.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] Nor was summary judgment justified by the fact that Williams did not specify how many times or where Wood hit him and how severe his injuries were nor by the fact that Williams described the encounter as "a light little rough up." Pl.'s Dep. 35:6, June 17, 2008. An unjustified use of force by the police violates the Fourth Amendment even if it does not cause serious injury. *Robison v. Via*, 821 F.2d 913, 924 (2d Cir. 1987).